## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2017, 11:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Berger
Law Office of Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel Scott Kring,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 21, 2017

Court of Appeals Case No.
71A05-1706-CR-1364

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1701-F5-000006

**Vaidik, Chief Judge.**

[1] Daniel Kring appeals his conviction for the robbery of a Speedway store in South Bend. He does not dispute that the store was robbed; he contends only

that the State failed to present sufficient evidence to prove beyond a reasonable doubt that he committed the robbery. We disagree. The State's evidence was easily sufficient to identify Kring as the robber. Most notably, Kring's co-defendant and getaway driver, Charles Hirsch, testified that Kring committed the robbery, and the two women who were working in the store at the time of the robbery took the stand and specifically identified Kring as the robber. Kring contends that Hirsch should not be believed because he was testifying pursuant to a plea agreement; he also points out that one of the workers testified that the robber's jacket had a skull or an alien on the back, whereas Kring's jacket had Al Pacino as Scarface on the back. Setting aside the fact that Kring does not even mention the second worker's testimony, these arguments go to the credibility of the witnesses and the weight of evidence. Such matters are to be determined by the fact-finder (here, a jury), not this Court. *See Leonard v. State*, 80 N.E.3d 878, 882 (Ind. 2017).

[2] Affirmed.

May, J., and Altice, J. concur.